IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| Rubiane Valdez-Barela, as Personal Representative of the Estate of Joseph Barela,<br><br>Plaintiff,<br><br>v.<br><br>Corrections Corporation of America, and Corizon Health, Inc.,<br><br>Defendants. | NO. 1:15-cv-01109-MCA-KBM |

**DEFENDANT CORRECTIONS CORPORATION OF AMERICA'S
REPLY IN SUPPORT OF MOTION TO DISMISS**

Plaintiff's Complaint fails to state a claim against Defendant, Corrections Corporation of America ("CCA"), and her Response fails to show otherwise, or address any of the arguments raised in CCA's Motion to Dismiss. Instead, Plaintiff argues that CCA's Motion to Dismiss should be decided under Rule 56's summary judgment standard based on a mistaken reading of Rule 12(d). The medical record attached to CCA's Motion to Dismiss is not "outside the pleadings" within the meaning of Rule 12(d) because Plaintiff's Complaint referred to the document, which is central to Plaintiff's claim that CCA staff failed to recognize signs that Joseph Barela was likely to harm himself, and Plaintiff did not dispute the document's authenticity. *See Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

Accordingly, Rule 12(b)(6)'s standard applies. Plaintiff's Complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (1986)), and should be dismissed accordingly. Plaintiff may not change the

content of her Complaint by attaching documents and making new arguments in the Response.[1] Because amendment would be futile, Plaintiff's Complaint should be dismissed with prejudice. *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

## MEMORANDUM OF POINTS AND AUTHORITIES

I.  LEGAL ARGUMENT

    A.  CCA's Motion Was Not Converted Into a Motion for Summary Judgment.

Defendant filed its Motion to Dismiss pursuant to Rule 12(b)(6), which, as a general rule, prohibits the consideration of materials outside the pleadings. *See Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (noting "the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss"). However, "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Id*. (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936 (10th Cir. 2002)). *See also Genesee County Employees' Retirement Sys. v. Thonburg Mortg. Securities Trust 2006-3*, 825 F. Supp. 2d 1082, 1123 (D.N.M. 2011) (same); *United States v. Ritchie*, 342 F.3d 903, 907-908 (9th Cir. 2003) (holding that a document is incorporated by reference in the complaint, and the Court may consider its contents as true for purposes of a Rule 12(b)(6) motion to dismiss, "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim").

Paragraph 14 of Plaintiff's Complaint alleges that on December 1, 2013, Joseph Barela was "acting strangely" and was "talking very softly into the window of door, talking 'non-sense'" and hallucinating, and that "*his behavior was reported to facility mental health*."

---

[1] If Plaintiff wishes to modify the content of her Complaint, she must move to amend it.

(Emphasis added.) The medical record attached to CCA's Motion to Dismiss as Exhibit 1 is the report of the resulting December 1, 2013 examination (conducted less than 12 hours before Barela's death), in which Barela was noted to explicitly deny any suicidal ideation, respond appropriately to questions, and maintain eye contact during conversation. The record is therefore central to Plaintiff's claims, specifically his First Cause of Action for "Inadequate Medical/Psychiatric Care," in which Plaintiff alleges that CCA "[failed] to screen for suicidal ideation following Decedents [sic] irrational behavior." (Doc. #1-1.) Because Plaintiff did not challenge the record's authenticity, the Court may properly consider it in ruling on CCA's Motion to Dismiss without converting the Motion into a motion for summary judgment. *See Alvarado*, 493 F.3d at 1215. More specifically, the Court may consider the medical record's contents as true for purposes of the Motion to Dismiss. *See Ritchie*, 342 F.3d at 907-908.

Because the medical record is not outside the pleadings, Rule 12(d) does not apply; CCA's Motion to Dismiss was not converted into a motion for summary judgment; and Plaintiff's arguments and exhibits made pursuant to Rule 56 are improper and unhelpful to the resolution of CCA's Motion. The Court should decline to consider them in ruling on CCA's Motion, and should instead apply Rule 12(b)(6), *Iqbal*, and *Twombly* in determining that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**B.     Plaintiff's Complaint Fails to State Claims Under § 1983.**

Plaintiff concedes that Barela was a federal detainee, incarcerated at Torrance County Detention Facility ("TCDF") under federal law and pursuant to the authority of the federal government. Plaintiff also appears to concede that § 1983 does not provide a cause of action to her because all of the actions alleged to have been performed by CCA's employees were

performed under federal, not state, law, as she acknowledges that "*Bivens* and its progeny created a cause of action for plaintiffs against federal actors."

Plaintiff's first four Causes of Action allege violations of the Eighth and Fourteenth Amendments to the United States Constitution pursuant to § 1983, not *Bivens*. Plaintiff has therefore implicitly admitted that the First, Second, Third, and Fourth Causes of Action in her Complaint fail to state claims upon which relief can be granted. They should be dismissed accordingly.[2]

### C. Amendment of the § 1983 Claims to Assert Causes of Action Under *Bivens* Would Be Futile.

Plaintiff appears to misunderstand *Bivens*, as she argues that, in *Minneci v. Pollard*, 132 S.Ct. 617 (2012), the United States Supreme Court "decided not to extend *Bivens* [sic] Fourth Amendment protections to a private company's employees contracting with the federal government for alleged violations of the Eighth Amendment's protection against cruel and unusual punishment of sentenced prisoners." Although not clearly stated, Plaintiff's argument appears to be that because Barela "was not a sentenced prisoner, but a pretrial detainee," her Complaint is sufficient under *Bivens*. Plaintiff's argument fails for several reasons.

First, *Bivens* does not "extend . . . protections" to federal actors of any kind. Rather, it provides a cause of action *against* federal actors for constitutional violations similar to the cause of action provided by § 1983 against state actors. *Corr. Services Corp. v. Malesko*, 534 U.S. 61, 71 (2001). Second, the United States Supreme Court has repeatedly held that *Bivens* does not provide a cause of action against a private corporation or its employees. *See, e.g., Malesko*, 534

---

[2] At a minimum, Plaintiff's claims for violations of the Eighth Amendment should be dismissed, as Plaintiff also concedes that the Eighth Amendment does not apply to Barela, who was a pre-trial detainee, and not a post-conviction inmate at the time of his death.

U.S. at 71; *Minneci*, 132 S. Ct. at 624-626. *See also Peoples v. CCA Det. Centers*, 422 F.3d 1090, 1108 (10th Cir. 2005) (*opinion vacated in part on reh'g en banc*, 449 F.3d 1097 (10th Cir. 2006)) (holding that federal prisoners did not have a cause of action for damages against an employee of a privately operated prison under contract with the USMS when state or federal law affords the prisoner an alternative cause of action for damages); *Crosby v. Martin*, 12-3163, 2012 WL 5689523, *2 (10th Cir. Nov. 16, 2012) (holding that the plaintiff, a federal inmate in a CCA facility in Kansas, was precluded from bringing a *Bivens* action against individual CCA employees because Kansas law provided an alternative cause of action). Third, Plaintiff's Complaint does not assert any claims pursuant to *Bivens*, making the issue moot even if *Bivens* did provide a cause of action (which it does not).

To the extent Plaintiff intended to argue that *Minneci*'s holding does not apply here because the plaintiff in *Minneci* was a post-conviction inmate suing for violation of the Eighth Amendment and not a pre-trial detainee suing for violation of the Fourteenth Amendment, this argument fails as well. A claim regarding prison conditions that allegedly create a substantial risk of harm to pre-trial detainees in violation of the Fourteenth Amendment "is a claim for . . . harm suffered as a result of . . . the kind of conduct that state tort law typically forbids," *see Minneci*, 132 S.Ct. at 624, just as is a claim regarding prison conditions that allegedly show deliberate indifference to an inmate's serious medical needs in violation of the Eighth Amendment. *Bivens* therefore does not provide Plaintiff a cause of action because New Mexico state tort law provides Plaintiff an adequate alternative remedy (to the extent Plaintiff can state a claim). *Minneci*, 132 S.Ct. at 624-625 (*citing Doe v. Albuquerque*, 96 N.M. 433, 438 (App.1981) (holding that New Mexico law imposes a duty on governmental entities of ordinary and

reasonable care, under the circumstances, for the preservation of inmates' life and health, and that such entities are liable for damages for a breach of that duty)). Allowing Plaintiff to amend her Complaint to assert causes of action under *Bivens* would be futile, as any such claims would still be subject to dismissal for failure to state a claim. *See* Rule 12(b)(6); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (holding that although the Court should freely give leave to amend when justice so requires, refusal of leave to amend is justified where the proposed amendment would be futile).

### D. Plaintiff's State Law Claims Fail to State Claims Under Rule 8 and *Iqbal*.

Plaintiff improperly relies on New Mexico state law and New Mexico's Rule 1-008 to argue that her Fifth and Sixth Causes of Action, which assert state law claims for negligence and punitive damages, are sufficiently plead. She also improperly relies on documents and information that were not part of the original Complaint – i.e. "In this case, Plaintiff Rubiane Valdez-Barela aside from her allegations in her complaint, *also alleges the following facts herewith.* . ." (*See* Plaintiff's Response at 12) (emphasis added.)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (1986)). Despite purporting to assert a negligence *per se*/New Mexico Constitution/New Mexico Wrongful Death Act claim in her Fifth Cause of Action, neither Plaintiff's Complaint nor her Response identify the statute(s) or constitutional provision(s) CCA supposedly violated. Neither Plaintiff's Complaint nor her Response allege any facts that, if true, would show that CCA knew

or should have known of Barela's drug smuggling,[3] or that the drugs found in his body cavity after his death were the cause of his decision to commit suicide. Neither Plaintiff's Complaint nor her Response allege any facts that, if true, would show that CCA knew or should have known that Barela was suicidal. Rather, the medical record attached to CCA's Motion to Dismiss, which Plaintiff also attached to her Response, shows that the night before his death, Barela reported that he had no suicidal ideations. Plaintiff simply has not alleged sufficient facts that, if true, state a plausible claim that CCA was negligent, and that such negligence caused Barela's death. Plaintiff's Fifth Cause of Action should be dismissed accordingly.

Similarly, neither Plaintiff's Complaint nor her Response specify which actions or omissions of CCA were "intentional, malicious and with reckless indifference" towards Barela. Mere allegations of negligence are not enough. *See Gonzales v. Sansoy*, 103 N.M. 127, 130 (App. 1984) ("A survey of the cases from other jurisdictions indicates that mere negligence or inadvertence is not sufficient to support an award of punitive damages, the negligence must be aggravated by a mental state such as reckless indifference."). Absent such allegations, Plaintiff's

---

[3] The only evidence Plaintiff purports to submit on this issue is found in the Affidavit of Rubiane Valdez-Barela attached to Plaintiff's Response. Even if the Court were to consider the Affidavit in ruling on CCA's Motion to Dismiss (which it should not), Plaintiff's statements regarding correctional officers' alleged use of Barela "to move drugs between the prison facilities" is nothing more than pure speculation, for which Plaintiff provides no support whatsoever. Ms. Valdez-Barela was not incarcerated at TCDF and has no first-hand knowledge of what she attests to. Moreover, the facility that Plaintiff complains that the decedent was moved to is not a CCA facility. Finally, Plaintiff's theory makes no logical sense where she specifically alleges that the decedent was placed in segregation for failing to submit to a UA. If he was being used as a facilitator (which Defendant specifically denies), why would CCA place him in segregation? Plaintiff also fails to set forth any basis for which CCA would have been permitted—under the United States Constitution—to conduct an invasive body cavity search of the decedent when he failed to submit a UA.

Complaint fails to state a plausible claim for punitive damages. Her Sixth Cause of Action should be dismissed as well.[4]

### E. Amendment of the State Law Claims Would Be Futile.

Although the documents Plaintiff attached to her Response are improper in the context of determining whether her Complaint states a claim upon which relief can be granted, they are useful in determining whether amendment would be futile. *See Frank*, 3 F.3d at 1365 (holding that refusal of leave to amend is justified where the proposed amendment would be futile). None of the information contained in those documents establishes that CCA knew or should have known that Barela was suicidal. Although they contain statements regarding Barela's drug addiction, gang membership, and alleged bizarre behavior, these are not signs of intent to commit suicide, particularly where the records show that Barela explicitly denied any suicidal ideation less than 12 hours before his death.

Rule 11 requires an attorney or party to conduct reasonable inquiry before signing and filing a pleading with the Court, and Plaintiff presumably produced the results of her reasonable inquiry in her Response in order to attempt to show a genuine issue of material fact to preclude summary judgment. Those results, however, do not establish any facts that, if true, would state plausible claims for negligence and punitive damages. Allowing Plaintiff to amend her Complaint would therefore be futile, as the Amended Complaint, like the original, would be subject to dismissal under Rule 12(b)(6).

---

[4] Additionally, because a punitive damages claim is a dependent claim, Plaintiff's punitive damages claim should be dismissed to the extent her other claims are dismissed. *See Sanchez v. Clayton*, 117 N.M. 761, 766-67 (1994). Indeed, "[t]he conduct giving rise to the punitive damages claim must be the same conduct for which actual or compensatory [or nominal] damages were allowed." *Id*. at 768 (quoting *Gonzales*, 103 N.M. at 129).

## II.   CONCLUSION

Plaintiff's first four Causes of Action fail to state claims upon which relief can be granted pursuant to § 1983, as CCA and its employees are not state actors with regard to Barela. Allowing Plaintiff to amend her Complaint to assert claims under *Bivens* would be futile, as *Bivens* does not provide a cause of action against private corporations and their employees. Similarly, Plaintiff's final two Causes of Action fail to state claims upon which relief can be granted pursuant to Rule 8 and *Iqbal*. Allowing Plaintiff to amend those claims would also be futile, as the facts alleged in Plaintiff's Response, if true, would still not state a claim. CCA therefore respectfully requests that this Court grant its Motion and dismiss Plaintiff's Complaint with prejudice.

Dated:   January 28, 2016

/s/ Jacob B. Lee
CHRISTINA RETTS, NM Bar No. 132585
JACOB B. LEE, AZ Bar No. 030371
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, AZ 85226
Tel:  (480) 420-1600
Fax:  (480) 420-1696
cretts@swlfirm.com
jlee@swlfirm.com

DEBORAH D. WELLS
DEBRA J. MOULTON
KENNEDY, MOULTON & WELLS, P.C.
2201 San Pedro NE, Bldg. 3, Suite 200
Albuquerque, NM 87110
Tel:  (505) 884-7887
Fax: (505) 884-7123
ddwells@kmwpc.com
dmoulton@kmwpc.com

*Attorneys for Defendant Corrections Corporation of America*

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Debra J. Moulton: | dmoulton@kmwpc.com |
| | baileyj@kmwpc.com |
| | sesg@kmwpc.com |
| | terrie@kmwpc.com |
| Augustine M. Rodriguez, Jr.: | rodriguezlaw@yahoo.com |
| | augustine@collinsattorneys.com |
| | kelly@collinsattorneys.com |
| | sonja@collinsattorneys.com |
| Deborah D. Wells: | ddwells@kmwpc.com |
| | baileyj@kmwpc.com |
| | sesg@kmwpc.com |
| | terrie@kmwpc.com |
| Jacob B. Lee: | JLee@swlfirm.com |
| | ARowley@swlfirm.com |

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is **not** a registered participant of the CM/ECF System:

    N/A

    /s/ Jacob B. Lee